UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4327

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL SANCHEZ, a/k/a Danny Myrick,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Robert G. Doumar, Senior District Judge.  (CR-03-184)

Submitted:  October 19, 2005      Decided:  November 9, 2005

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Larry W. Shelton, Supervisory Assistant Federal Public Defender, Norfolk, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, William D. Muhr, Assistant United States Attorneys, Karen Lynn Peaden, Third-Year Law Student, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Daniel Sanchez appeals his conviction and 180-month sentence imposed following a guilty plea to illegal possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2000). Sanchez's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising a sentencing issue but stating that he finds no meritorious grounds for appeal. The Government filed an answering brief. Sanchez filed two pro se supplemental briefs raising several additional issues. Finding no reversible error, we affirm.

Both in the Anders brief, and in Sanchez's pro se supplemental brief, Sanchez asserts that the district court erred by failing to grant him a departure based upon diminished capacity. A district court's decision not to depart from the sentencing guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). Here, the district court recognized that it had the authority to depart, but chose to exercise its discretion against any such departure. The court's decision therefore is not subject to appellate review. Id.

In his pro se supplemental brief, Sanchez contends that his counsel coerced him into pleading guilty by telling him "you'd have to be crazy if you don't plead guilty." However, a close

review of the Rule 11 colloquy reveals that Sanchez informed the court that he was pleading guilty of his own free will, and not as the result of any threats or promises.  Because Sanchez is bound by these assurances, this claim must also fail.  <u>See</u> <u>Little v. Allsbrook</u>, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984).

Next, Sanchez asserts that he was erroneously sentenced as a career offender based on inaccuracies in the PSR.  Absent plain error, Sanchez may not seek review of his sentence when both he and his counsel failed to object to the presentence report at the time of the sentencing hearing.  <u>See</u> <u>United States v. Grubb</u>, 11 F.3d 426, 440-41 (4th Cir. 1993).  We find no plain error in this respect.

Sanchez also raises several instances of ineffective assistance of trial counsel, including failure to attack the credibility of the police report; failure to object to various inaccuracies in the PSR; and failure to assert a state of mind defense.  We decline to address these claims as they are more properly brought on collateral review.  <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255 (2000)).

Next, relying on the reasoning set forth in <u>United States v. Lopez</u>, 514 U.S. 549 (1995), Sanchez contends that section 922(g) violates the Commerce Clause.  However, this court has rejected

that argument.  See United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996).

Sanchez also contends that the district court plainly erred in relying on the predicate offenses to sentence him to a statutory mandatory minimum sentence because the offenses were not charged in the indictment, and generally challenges the continuing viability of Almendarez-Torres v. United States, 523 U.S. 224, 233-35 (1998).  In Almendarez-Torres, the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence.  Id.  Accordingly, Sanchez's indictment did not violate his constitutional rights.  Second, although the opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), expressed some uncertainty regarding the future vitality of Almendarez-Torres, this court has subsequently confirmed that Almendarez-Torres was not overruled by Apprendi and remains the law.  See United States v. Cheek, 415 F.3d 349 (4th Cir. 2005) (holding that Sixth Amendment not violated when sentence enhanced based on prior convictions that were not charged in indictment or admitted by defendant).  Thus, Sanchez is not entitled to relief on these claims.

Finally, Sanchez raises a host of sentencing issues. After careful review of the record, we conclude that each of

Sanchez's claims surrounding the calculation of his sentence are without merit.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Sanchez's conviction and sentence and deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>